IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FRANCES FAWCETT,

       Appellant,

v.                                Case No.  5D16-582

JOHN C. GAINEY,

       Appellee.

_____/

Opinion filed April 7, 2017

Appeal from the Circuit Court
for Orange County,
Bob Leblanc, Judge.

Edward E. Emrick, of Rohe Twyman P.A.,
Tavares, for Appellant.

Barbara A. Eagan, of Eagan Appellate Law,
PLLC, Orlando, for Appellee.

PALMER, J.

Frances Fawcett (the wife) appeals the final order entered by the trial court dissolving her marriage to John Gainey (the husband). We affirm in all respects except one.

The wife claims that the trial court reversibly erred in equitably distributing her jewelry.  She maintains that the trial court's $10,000.00 valuation of her jewelry for

purposes of equitable distribution is not supported by substantial competent evidence. We agree.

The husband listed jewelry valued at $10,000.00 on his financial affidavits, in his pre-trial memorandum, and in his proposed equitable distribution schedule. Yet, during trial, the husband's counsel conceded:

> Okay. And I think we can all agree that [$]3,500 to [$]4,000 of [the $10,000.00] is a non-marital engagement ring that was given to her before the marriage. So that drops it down to about six grand.

However, in the final dissolution order, the trial court ruled:

> 9. WIFE'S JEWELRY. The wife has jewelry with an approximate marital value of $10,000.00 as of the date of filing. That jewelry should remain the property of the wife as equitable distribution.

Since the husband agreed that the wife's engagement ring was a pre-marital gift and, thus, a nonmarital asset, and he agreed that the remaining jewelry was valued at $6,000.00, we reverse and remand for the entry of an amended final judgment increasing the husband's equalizing payment by $2,000.00.

AFFIRMED in part; REVERSED in part; REMANDED.

ORFINGER, J., and BOATRIGHT, J., Associate Judge, concur.